**BROWN & CONNERY, LLP**
Janine M. Lloyd, Esquire  # 210179
6 North Broad Street, Suite 100
Woodbury, NJ 08096
(856) 812-8900
(856) 853-9933 facsimile
jlloyd@brownconnery.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TRUSTEES OF SHOPMEN LOCAL UNION NO. 502 PENSION FUND,** | CIVIL ACTION NO. |
| **Plaintiff,** | |
| **vs.** | |
| **MICHELMAN-CANCELLIERE IRONWORKS, INC. d/b/a MC IRONWORKS and JOHN CANCELLIERE,** | **COMPLAINT** |
| **Defendants.** | |

Plaintiff (the "Plaintiff"), Trustees of Shopmen Local Union No. 502 Pension Fund (hereinafter the "Fund"), with a principal place of business at 168 West Ridge Pike, Suite 107A, Limerick, Pennsylvania 19468, by way of complaint against defendants, Michelman-Cancelliere Ironworks, Inc. d/b/a MC Ironworks, (hereinafter "MC Ironworks") located at 7230 Bethlehem-Bath Pike, Nazarath, Pennsylvania 18064 and John Cancelliere ("Cancelliere") of 539 Nolf Road, Nazarath, Pennsylvania 18064 says by way of complaint:

NATURE OF THE CLAIM

1.    This action is commenced to collect withdrawal liability as determined under Section 4201 of the Employee Retirement Security Act of 1974 ("ERISA"), 29

71A2290

U.S.C. § 1381 and other monetary relief pursuant to §§ 502(g)(2) and 4301(e) of ERISA (29 U.S.C. §§ 1132(g)(2) and 1451(e)) and Section 4301 of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") incurred by MC Ironworks.

      2.      MC Ironworks incurred the aforementioned withdrawal liability when it withdrew completely from the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO Multi-employer Pension Plan (hereinafter the "Plan") administered by the Plaintiff.

      3.      Plaintiff also seeks to recover plan assets under 29 U.S.C. §1392 (c) and 29 U.S.C. § 1132(a)(3).

JURISDICTION AND VENUE

      4.      Jurisdiction is conferred on this Court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301 (c), 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f) and 1451(c), and by the provisions of 28 U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

      5.      The jurisdiction of this Court is also invoked pursuant to Sections 502(a)(3)(B)(II), (d)(1) and (f) of ERISA 29 U.S.C. § 1132(a)(3)(ii), (d)(1) and (g)(2) and 1145; and Section 301(a) of the Labor Management Relations Act (`LMRA") as amended (29 U.S.C. § 185(a)).

      6.      Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d) because MC Ironworks had its principal place of business in the Eastern District of Pennsylvania and the Plan is administered in the Eastern District of Pennsylvania out of Limerick, PA.

71A2290

7.      In accordance with Section 4301(g) of ERISA (29 U.S.C. § 1451(g)), the Fund will send a copy of this complaint to the Pension Benefits Guarantee Corporation ("PBGC").

PARTIES

8.      The Fund administers the Plan which is a multiemployer pension plan within the meaning of Sections 3 (37) and 4001 (a)(3) of ERISA (29 U.S.C. §§ 1002 (37)) and is responsible for overseeing the payment of contributions for the benefit of various workers who perform labor and services for companies such as MC Ironworks. The Plan is an "employee pension benefit plan" within the meaning of Sections 3 (2)(A) and (3) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (3), established and maintained for the purpose of providing retirement and related benefits to eligible participants.

9.      The Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA (29 U.S.C. Section 186(c)(5)), and the Plan is established and maintained pursuant to Sections 3(1) and 3(3) of ERISA, 29 U.S.C. Sections 1002(1) and (3), and maintained for the purpose of providing pension and retirement benefits to eligible participants.  The Fund is qualified to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. Section 1132(d)(1).

10.      MC Ironworks is an employer in an industry affecting commerce within the meaning of ERISA and the National Labor Relations Act ("NLRA"), 29 U.S.C. Sections 152(6) and (7), and MC Ironworks is a corporation authorized to do business in the Commonwealth of Pennsylvania.

11.      MC Ironworks is bound under the terms of the Collective Bargaining Agreement ("CBA") between MC Ironworks and the Shopmen Local Union #502

71A2290

Ironworkers (hereinafter the "Union") which sets forth required employer contributions to the Plan.

12.      Upon information and belief, Cancelliere is a shareholder of MC Ironworks.

## STATEMENT OF THE CLAIM

13.      MC Ironworks participated in and contributed to the Plan pursuant to the terms of the CBA between MC Ironworks and the Union.

14.      MC Ironworks was a participating employer under the Plan and was bound by the terms of the Plan.

15.      In or about 2017, it was determined by the Fund that MC Ironworks had effected a complete withdrawal from the Plan as defined by 29 U.S.C. §1383(a).

16.      On September 28, 2017, the Plan, by way of a letter addressed to MC Ironworks, demanded payment of MC Ironworks' withdrawal liability, which was computed to be $1,678,817, payable in seventy (70) monthly payments in the amount of $28,395.14, plus one final payment in the amount of $12,978.60 and commencing on November 27, 2017.  A copy of the September 28, 2017 letter is attached hereto as Exhibit "A."

17.      MC Ironworks failed to make payments and failed to demand arbitration or initiate arbitration procedures within the time frames established in 29 U.S.C. § 1401 and failed to request any review of the withdrawal liability assessment.

18.      On or about December 19, 2017, the Fund sent notice of the overdue payments to MC Ironworks.  A copy of the December 19, 2017 letter is attached hereto as Exhibit "B."

71A2290

19.     The total outstanding withdrawal liability is $1,678,817.  MC Ironworks is liable to the Fund for the entire withdrawal liability.

20.     As of January 18, 2018, MC Ironworks has missed two (2) payments to the Fund in the total amount of $56,790.28.  The Fund reserves the right to accelerate all amounts due for withdrawal liability.

**COUNT ONE**
**WITHDRAWAL LIABILITY OF MC IRONWORKS**

21.     Plaintiff repeats and incorporates prior paragraphs of this Complaint as if fully set forth herein.

22.     In Plan Year 2017, MC Ironworks effectuated a complete withdrawal from the Plan by permanently ceasing to contribute under the Plan.

23.     By completely withdrawing from the Plan, MC Ironworks incurred withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.     That this Court assume jurisdiction over this matter pursuant to 29 U.S.C. §1132(a)(3), (e)(1) and (f) and §1451(c);

b.     An Order declaring MC Ironworks liable for the assessed withdrawal liability;

c.     An Order of Judgment in favor of Plaintiff and against MC Ironworks in the amount equivalent to the assessed withdrawal of due and owing, plus interest;

d.     Interest, liquidated damages pursuant to 29 U.S.C. § 1132(g)(2) in an amount of 20 percent of the amount determined by the Court to be due, counsel fees and costs as authorized by law;

71A2290

e.     An Order directing MC Ironworks to pay to Plaintiff all reasonable attorneys' fees, expenses and costs for prosecution of this cause of action; and

f.     Such other relief that the Court deems appropriate.

**COUNT TWO**
**VOIDING OF TRANSACTIONS INTEDED TO AVOID OR EVADE WITHDRAWAL LIABILITY**

24.     Plaintiff repeats and incorporates prior paragraphs of this Complaint as if fully set forth herein.

25.     At the time that MC Ironworks withdrew from the Fund, it had assets (the "Assets") that should have been used to pays some or all of the withdrawal liability owed to the Fund.

26.     Cancelliere knew or had notice of MC Ironworks' obligation to pay withdrawal liability to the Fund.

27.     Cancelliere decided to divest MC Ironworks of the Assets by converting the Assets to his own use.

28.     Cancelliere engaged in a series of transactions to divest MC Ironworks of Assets, including transactions transferring the Assets to his own use and erroneously representing that MC Ironworks has no money to pay the withdrawal liability.

29.     By the aforementioned conduct, Cancelliere has engaged in transactions that each had a principal purpose of evading or avoiding the withdrawal liability that MC Ironworks owed to the Fund.

**WHEREFORE**, Plaintiff demands judgment against MC Ironworks and Cancelliere as follows:

      a.  A Judgment against MC Ironworks and Cancelliere, jointly and severally, for all payments to the Fund for withdrawal liability due and owing;

      b.  A permanent injunction enjoining MC Ironworks and Cancelliere from any future violations of ERISA and or the MPPAA;

      c.  Voiding any transactions divesting MC Ironworks of Assets;

      d.  A Judgment ordering Cancelliere to pay any Assets that he received to the Fund;

      e.  Interest, liquidated damages pursuant to 29 U.S.C. § 1132(g)(2) in an amount of 20 percent of the amount determined by the Court to be due, counsel fees and costs as authorized by law;

      f.  **Attorneys' fees and costs; and**

      g.  **Such other relief that the Court deems appropriate.**

**COUNT THREE**
**CONSTRUCTIVE TRUST**

30.     Plaintiff repeats and incorporates prior paragraphs of this Complaint as if fully set forth herein.

31.     Pursuant to 29 U.S.C. § 1132(a)(3), the Fund is permitted to enjoin any act or practice of MC Ironworks which violates any provision of ERISA or the terms of the Plan and or to obtain other appropriate equitable relief to enforce any provisions of ERISA or the terms of the Plan.

32.     The withdrawal liability payments due to the Fund are contributions as defined by the Plan and constitute assets of the Plan.

71A2290

33.     MC Ironworks and Cancelliere have violated provisions of ERISA and the terms of the Plan by wrongfully withholding assets of the Plan from the Fund.

34.     In 2017, MC Ironworks ceased all operations without forwarding to the Fund its plan assets despite the Fund's demand for payment.

35.     In 2017, MC Ironworks sold substantially all of its assets without forwarding the proceeds to the Fund its plan assets despite the Fund's demand for payment.

36.     Cancelliere received assets and/or proceeds for assets without forwarding the proceeds to the Fund its plan assets despite the Fund's demand for payment.

37.     MC Ironworks and Cancelliere have discretionary control over the property of the Fund and may seek to pay other third party creditors of MC Ironworks and/or keep such assets for their own benefit to the detriment of the Fund and in violation of ERISA and the terms of the Plan.

38.     **MC Ironworks' equity in any real estate or personal property and any proceeds from the sale of property are assets belonging to the Fund.**

**WHEREFORE**, Plaintiff demands judgment against MC Ironworks and Cancelliere as follows:

a.      An Order imposing a constructive trust on all remaining assets of MC Ironworks;

b.      An Order imposing a constructive trust on MC Ironworks' proceeds from the sale of any real estate or personal property;

c.   An Order declaring MC Ironworks and Cancelliere constructive trustees of the Fund property in the possession of MC Ironworks and Cancelliere and directing them to render an accounting of all the assets of MC Ironworks within 2 years of the date of this Complaint and ordering that they convey to the Fund such assets;

d.   A Judgment against MC Ironworks and Cancelliere, jointly and severally, for all payments to the Fund for withdrawal liability due and owing;

e.   A permanent injunction enjoining MC Ironworks and Cancelliere from any future violations of ERISA and or the MPPAA;

f.   Interest, liquidated damages pursuant to 29 U.S.C. § 1132(g)(2) in an amount of 20 percent of the amount determined by the Court to be due, counsel fees and costs as authorized by law;

g.   Attorneys' fees and costs; and

h.   Such other relief that the Court deems appropriate.

**BROWN & CONNERY, LLP**
Attorneys for Plaintiff,
Trustees of Shopmen Local Union No. 502
Pension Fund

By: _____
Janine M. Lloyd

Dated: January 29, 2018

# Exhibit A



# Shopmen's Iron Workers
## Health Benefit and Pension Plans
### Local Union #502





*Joann Morrione*
*Doreen Friel*

*Harry R. Maniscalco*
*Plan Manager*



## SHOPMEN'S LOCAL UNION #502 PENSION FUND

September 28, 2017

Michelman-Cancelliere Iron Works, Inc.
Attention: John Cancelliere
P.O. Box 20431
Lehigh Valley, PA 18002-0431

Mr. John Cancelliere
539 Nolf Road
Nazareth, PA 18064

> Re:   Net Allocable Share of Unfunded Vested Benefits for
>       Withdrawal Liability Purposes

Dear Mr. Cancelliere:

As you will see from the enclosed Memorandum from Segal Consulting, your amount of withdrawal liability from Shopmen's Local Union #502 Pension Fund is $1,678,817.

The annual payment is $338,698.35. The annual payment is to be remitted monthly at the rate of $28,395.14 per month for seventy (70) months, plus a final payment of $12,978.60.

Your withdrawal liability shall be payable in accordance with the schedule set forth above and in the Segal Consulting Memorandum no later than sixty (60) days after the date of the demand in this letter. Demand is hereby made for payment in accordance with the schedule.

Very truly yours,

Harry Maniscalco,
Plan Manager

*168 W. Ridge Pike • Suite 107A • Limerick, PA 19468*
*Telephone (610) 489-0690 • Fax (610) 489-0694*

none

none["

 Segal Consulting

# MEMORANDUM

**To:**     Harry Maniscalco
           Fund Manager
           Shopmen's Local Union No. 502 Pension Fund

**From:**   John Urbank
           Rosana Egan

**Date:**   September 14, 2017

**Re:**     **MC Iron Works, Inc. – Net Allocable Share of Unfunded Vested Benefits for Withdrawal
           Liability Purposes**

As requested, we have calculated the net allocable share of unfunded vested benefits for withdrawal liability purposes for the above employer based on a withdrawal in August 2017. Please note the calculation is based on the data and results of the January 1, 2017 actuarial valuation. If the employer withdraws from the Fund after December 31, 2017, this amount will have to be recalculated and the results may be significantly different.

This calculation was based on the following obligated contribution information as provided to us by the Fund Office:

| Plan Year Ended December 31, | MC Iron Works, Inc. |
|---|---|
| 2016 | $213,168 |
| 2015 | 264,275 |
| 2014 | 288,393 |
| 2013 | 266,531 |
| 2012 | 197,553 |

The result is as follows:

| Employer | Date of Withdrawal | Allocable Share of Unfunded Vested Benefits as of December 31, 2016 | Amount Excused Due to De Minimis | Net Allocable Share of Unfunded Vested Benefits as of December 31, 2016 |
|---|---|---|---|---|
| MC Iron Works, Inc. | Based on withdrawal in the year ending December 31, 2017 | $1,678,817 | $0 | $1,678,817 |



**Benefits, Compensation and HR Consulting**   Offices throughout the United States and Canada

Founding Member of the Multinational Group of Actuaries and Consultants, a global affiliation of independent firms

September 14, 2017
Page 2

The annual payment is $338,698.35 and reflects the average annual hours in the highest three consecutive years during the ten years preceding the withdrawal and the highest required hourly contribution rate through the date of withdrawal (excluding contribution rate increases due to the Rehabilitation Plan). These numbers are 124,065.33 hours and a contribution rate of $2.73 based on a withdrawal during 2017. The annual payment is to be remitted monthly at the rate of $28,395.14 per month for 70 months plus a final payment of $12,978.60.

This calculation has been performed under the supervision of Rosana V. Egan, FCA, MAAA, Enrolled Actuary.

8601117v1/02069.001

# Exhibit B



# Shopmen's Iron Workers

## Health Benefit and Pension Plans
### Local Union #502



*Joann Morrione*
*Doreen Friel*

*Harry R. Maniscalco*
*Plan Manager*

December 19, 2017

Michelman-Cancelliere Iron Works, Inc.
Attention: John Cancelliere
P.O. Box 20431
Lehigh Valley, Pa 18002-0431

**Re: Overdue Notice of Payment for Withdraw Liability**

To Michelman-Cancelliere Iron Works, Inc.:

In the Plan's letter to you dated September 28, 2017, you were notified of the withdraw liability of Michelman-Cancelliere Iron Works, Inc. and the payment schedule which required you to make monthly payments at the rate of $28,395.14 per month. The withdraw liability schedule required your payment no later than sixty (60) days after the date of the demand set forth in the letter of September 28, 2017. No payment has been received in accordance with the required payment schedule.

This is your notice that the required payment is overdue. Demand is hereby made for payment in accordance with the schedule.

Very Truly Yours,

Harry Maniscalco
Plan Manager

Cc. Steven Wolschina
    (Brown & Connery, LLP)

*168 W. Ridge Pike • Suite 107, First Floor • Limerick, PA 19468*
*Telephone (610) 489-0690 • Fax (610) 489-0694*